UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STAR MICRONICS, CO., LTD.,<br><br>  Plaintiff,<br><br>v.<br><br>HANWHA TECHM CO., LTD., and HANWHA MACHINERY AMERICA, INC.,<br><br>  Defendants. | Case No. CV12-870 MWF (FFMx)<br><br>[~~PROPOSED~~] STIPULATED ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Star Micronics Co., Ltd. and Defendants Hanwha TechM Co., Ltd. and Hanwha Machinery America, Inc. (collectively, "the parties") as set forth herein:

Disclosure and discovery activity in this action are likely to involve production and disclosure of certain documents and information pertaining to the parties' financial information, competitive information, personnel information, product development, or other kinds of commercially sensitive or proprietary information, which require special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the parties stipulate to and petition the Court to enter the following Stipulated Order for the Protection of Confidential Information ("Stipulated Protective Order").

/ / /

1. **Designation of Discovery Materials as Confidential or Attorneys' Eyes Only.** All information produced, including documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all deposition testimony and deposition exhibits, and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court during discovery-related proceedings or in other settings outside of the court that might reveal same shall be subject to this Stipulated Protective Order, as set forth below. Presentations or disclosures made during non-discovery related pretrial court proceedings and/or trial are not subject to this Stipulated Protective Order, and shall be raised with the judicial officer conducting such proceedings at the appropriate time.

    a) "Confidential Information" for purposes of this Stipulated Protective Order includes two categories of information: "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY." One who provides material may designate it as "CONFIDENTIAL" for purposes of avoiding invasion of privacy or protecting proprietary information, confidential business or financial information, trade secrets as defined under California Civil Code § 3426.1, personal or financial affairs. One who provides material may designate it as "ATTORNEYS' EYES ONLY" only when such person in good faith believes the information is particularly sensitive because it relates to trade secrets as defined under California Civil Code § 3426.1, technical practices or methods, research or development, marketing plans, product data or projections, financial data, business strategy, or agreements and relationships with third parties that, if discovered by the opposing party, might give the opposing party a competitive advantage over the producing party or otherwise risk harm to the business of the producing party.

    / / /

Prior to the entry of this Stipulated Protective Order, (1) materials filed in Court under seal (2) materials provided to the Court and outside counsel at any hearing and labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," (3) deposition testimony designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and (4) materials produced by the parties labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be treated as ATTORNEYS' EYES ONLY.  Each party retains its right to challenge any designation under this Stipulated Protective Order, including those automatically designated under this paragraph.

The designation of Confidential Information shall be made by placing or affixing the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as the case may be, on the documents, in a manner which will not interfere with their legibility.  Stamping the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as the case may be, on the cover of any multipage documents shall designate all pages of the document as Confidential Information, unless otherwise indicated by the producing party.  In the event that a party chooses to produce documents in native format, the designation as Confidential Information may be made by (a) producing the documents in a database and including the designation in a separate database field, (b) affixing a label to the media on which the native documents are being produced, (c) including the designation in the native document's file name, or (d) providing notice of such designation by any other means agreed to in writing by both parties.

Except for documents produced for inspection at the party's facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked as Confidential Information.  Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked in accordance with this Stipulated Protective Order

1  after copying but before delivery to the party who inspected and designated the
2  documents. There will be no waiver of confidentiality by the inspection of documents
3  containing Confidential Information before such documents are copied and marked in
4  accordance with the requirements of this Stipulated Protective Order.

5        Confidential Information shall not include information that: (i) becomes public
6  knowledge, as shown by publicly available writings, other than through violation of
7  the terms of this Stipulated Protective Order; (ii) is or was acquired lawfully by a non-
8  designating party that has no obligation to the owner of the information; (iii) is or was
9  disclosed by a non-designating party with the approval of the designating party; or
10  (iv) is or has been independently developed by the receiving party.

11        b)    Portions of depositions of a party's present and former officers,
12  directors, employees, agents, experts, and representatives shall be deemed
13  CONFIDENTIAL or ATTORNEYS' EYES ONLY only if they are designated as
14  such when the deposition is taken or within thirty (30) days after receipt of the
15  transcript. Any testimony which describes a document designated as
16  CONFIDENTIAL or ATTORNEYS' EYES ONLY shall also be deemed to be
17  designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, as the case may be.

18        c)    Information or documents designated as CONFIDENTIAL under
19  this Stipulated Protective Order shall not be used or disclosed by the parties or outside
20  counsel for the parties or any persons identified in subparagraphs (d) and (f) below for
21  any purposes whatsoever other than preparing for and conducting the litigation in
22  which the information or documents were disclosed (including appeals).

23        d)    The parties and outside counsel for the parties shall not disclose or
24  permit the disclosure of any documents or information designated as
25  CONFIDENTIAL under this Stipulated Protective Order to any other person or entity,
26  except that disclosures may be made in the following circumstances:

27        / / /
28

i) Disclosure may be made to outside counsel, and the employees, vendors and agents of outside counsel who have functional responsibility for the preparation and trial of the lawsuit. Outside counsel and their employees, vendors and agents who receive CONFIDENTIAL MATERIAL shall become subject to the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence.

ii) The parties each may select no more than three (3) of their management level employees to review information designated as CONFIDENTIAL under this Stipulated Protective Order. These selected employees shall not receive CONFIDENTIAL materials unless and until they have signed and returned to outside counsel for the non-designating party the acknowledgement attached hereto. Outside counsel for the non-designating party shall retain the signed acknowledgements.

iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

iv) Disclosure may be made at depositions to the producing party's employees.

v) Disclosure may be made to graphics or design services retained by outside counsel for purposes of preparing demonstratives or other exhibits for depositions, hearings or trial in this action only after such persons have signed and returned to outside counsel for the non-designating party the acknowledgement attached hereto. Upon termination of the case (*i.e.*, upon settlement of the case together with a dismissal of the case with prejudice, or upon final judgment from which no further appeals are taken or available) and upon request, outside counsel for the non-designating party shall provide the signed acknowledgments to outside counsel for the designating party. If, while the case is pending, the designating party has a good faith basis to believe that its documents have been disclosed in violation of

the terms of this protective order, outside counsel for the designating party may bring the matter to the attention of outside counsel for the non-designating party, and the parties will address the issue with the Court as necessary.

vi) Disclosure may be made to litigation and jury consulting services in preparation for trial, retained by counsel for the parties only after such persons have signed and returned to outside counsel for the non-designating party the acknowledgement attached hereto. Upon termination of the case (*i.e.*, upon settlement of the case together with a dismissal of the case with prejudice, or upon final judgment from which no further appeals are taken or available) and upon request, outside counsel for the non-designating party shall provide the signed acknowledgments to outside counsel for the designating party. If, while the case is pending, the designating party has a good faith basis to believe that its documents have been disclosed in violation of the terms of this protective order, outside counsel for the designating party may bring the matter to the attention of outside counsel for the non-designating party, and the parties will address the issue with the Court as necessary.

vii) Disclosure may be made to an independent court advisor only after such advisor has signed and returned to outside counsel for the non-designating party the acknowledgement attached hereto, and said outside counsel has provided outside counsel for the designating party with a copy of the signed acknowledgement.

viii) Disclosure may be made to non-party consultants, investigators, or experts (hereinafter referred to collectively as "Experts") (and their assistants and staff) employed by the parties or outside counsel for the parties to assist in the preparation and trial of the lawsuit only after ten (10) business days following written notice to the opposing party of the proposed disclosure to the consultant, investigator, or expert. With the written notice shall be included a fully executed copy of the acknowledgement attached hereto, completed by the consultant, investigator or expert, along with a copy of his or her current curriculum vitae. If the opposing party objects,

1  in writing, to disclosure to the consultant, investigator, or expert within the ten (10)
2  business day period, no disclosure of material designated as CONFIDENTIAL may be
3  made to the consultant, investigator, or expert.  If the parties cannot resolve the issue
4  after conferring, the party objecting to the proposed disclosure may thereupon move
5  pursuant to L.R. 37 to request an appropriate order from the Court disqualifying the
6  consultant, investigator, or expert or protecting against the proposed disclosure to the
7  consultant, investigator, or expert.  Until the Court rules on the matter, no disclosure
8  of material designated as CONFIDENTIAL shall be made to the consultant,
9  investigator, or expert.  Nothing herein shall give any party the right to depose or
10 obtain any discovery from any Expert disclosed herein unless such expert is disclosed
11 pursuant to Fed. R. Civ. P. 26(a)(2).
12             ix)  Disclosure may be made to the Court, Court personnel, court
13 reporters and videographers in connection with this action.
14             x)  Disclosure may be made to any other persons as agreed to by
15 written stipulation of the parties or authorized by further order of the Court.
16      e)    Information or documents designated as ATTORNEYS' EYES
17 ONLY under this Stipulated Protective Order shall not be used or disclosed by outside
18 counsel for the parties or any persons identified in subparagraph (f) below for any
19 purpose whatsoever other than preparing for and conducting the litigation in which the
20 information or documents were disclosed (including appeals).
21      f)    Outside counsel for the parties shall not disclose or permit the
22 disclosure of any documents or information designated as ATTORNEYS' EYES
23 ONLY under this Stipulated Protective Order to any other person or entity, including
24 any employees, representatives, officers or directors of the non-disclosing party,
25 except that disclosures may be made in the following circumstances:
26      / / /
27      / / /
28

         i)  Disclosure may be made to outside counsel and employees, vendors and agents of outside counsel for the parties who have functional responsibility for the preparation and trial of the lawsuit.

         ii)  Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

         iii)  Disclosure may be made at depositions to the producing party's employees.

         iv)  Disclosure may be made to graphics or design services retained by outside counsel for purposes of preparing demonstratives or other exhibits for depositions, hearings or trial in this action only after such persons have signed and returned to outside counsel for the non-designating party the acknowledgement attached hereto.  Upon termination of the case (*i.e.*, upon settlement of the case together with a dismissal of the case with prejudice, or upon final judgment from which no further appeals are taken or available) and upon request, outside counsel for the non-designating party shall provide the signed acknowledgments to outside counsel for the designating party.  If, while the case is pending, the designating party has a good faith basis to believe that its documents have been disclosed in violation of the terms of this protective order, outside counsel for the designating party may bring the matter to the attention of outside counsel for the non-designating party, and the parties will address the issue with the Court as necessary.

         v)  Disclosure may be made to litigation and jury consulting services in preparation for trial, retained by counsel for the parties only after such persons have signed and returned to outside counsel for the non-designating party the acknowledgement attached hereto.  Upon termination of the case (*i.e.*, upon settlement of the case together with a dismissal of the case with prejudice, or upon final judgment from which no further appeals are taken or available) and upon request, outside

counsel for the non-designating party shall provide the signed acknowledgments to outside counsel for the designating party.  If, while the case is pending, the designating party has a good faith basis to believe that its documents have been disclosed in violation of the terms of this protective order, outside counsel for the designating party may bring the matter to the attention of outside counsel for the non-designating party, and the parties will address the issue with the Court as necessary.

vi) Disclosure may be made to an independent court advisor only after such advisor has signed and returned to outside counsel for the non-designating party the acknowledgement attached hereto, and said outside counsel has provided outside counsel for the designating party with a copy of the signed acknowledgement.

vii) Disclosure may be made to non-party consultants, investigators, or experts (and their assistants and staff) employed by outside counsel for the parties or the parties, themselves, to assist in the preparation and trial of the lawsuit. Disclosure may be made only after ten (10) business days following written notice to the opposing party of the proposed disclosure to the consultant, investigator, or expert. With the written notice shall be included a fully executed copy of the acknowledgement attached hereto, completed by the consultant, investigator or expert, along with a copy of his or her current curriculum vitae.  If the opposing party objects, in writing, to disclosure within the ten (10) day period, no disclosure of materials designated as ATTORNEYS' EYES ONLY may be made to the consultant, investigator, or expert.  If the parties cannot resolve the issue after conferring, the party objecting to the proposed disclosure may thereupon move pursuant to L.R. 37 to request an appropriate order from the Court disqualifying the consultant, investigator, or expert or protecting against the proposed disclosure to the consultant, investigator, or expert. Until the Court rules on the matter, no disclosure of material designated as ATTORNEYS' EYES ONLY shall be made to the consultant, investigator, or expert. Nothing herein shall give any party the right to depose or obtain any discovery from

any Expert disclosed herein unless such expert is disclosed pursuant to Fed. R. Civ. P. 26(a)(2).

    viii) Disclosure may be made to the Court, Court personnel, court reporters and videographers in connection with this action.

    ix) Disclosure may be made to any other persons as agreed to by written stipulation of the parties or authorized by further order of the Court.

    x) Notwithstanding the designation of materials as ATTORNEYS' EYES ONLY, estimates of potential damages recoveries based on analysis of ATTORNEYS' EYES ONLY materials may be provided by outside counsel to persons entitled to receive CONFIDENTIAL materials, provided that such disclosure does not include the underlying ATTORNEYS' EYES ONLY materials or information.

  g) Except as provided in subparagraphs (d) and (f) above, counsel for the parties shall keep all documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY which are received under this Stipulated Protective Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

  h) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential Information under this Stipulated Protective Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to be consistent with the original, if those words do not already appear.

  2. **Confidential Information Filed with Court.**  In accordance with General Order No. 10-07, Order Authorizing Electronic Filing, Section V.D, and L.R. 79-5.1, applications and orders to seal, along with the document to be placed under seal, shall be filed in the manner prescribed by L.R. 79-5. Parties submitting documents for

filing under this provision shall first e-file a Notice of Manual Filing identifying the materials being manually filed.

3. **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by Paragraph 1 of this Stipulated Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4. **Challenging Designation of Confidentiality.**

   a)   In addition to the requirements of L.R. 37-1 and 37-2, including the Joint Stipulation requirement of L.R. 37-2, the following sub-paragraphs b) through d) apply to any challenge to a designating party's confidentiality designation;

   b)   Any challenge to a designating party's confidentiality designation shall be made as promptly as the circumstances permit.

   c)   A party wishing to challenge a confidentiality designation shall begin the process by, following a letter request as provided in L.R. 37-1, conferring directly with counsel for the designating party. The challenging party must explain why it believes the confidentiality designation is improper. The designating party shall have five (5) business days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation. A challenging party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the designating party.

   d)   If the parties are unable to informally resolve a challenge to a particular designation, the challenging party may proceed with the preparation of a Joint Stipulation as required by L.R. 37-2.1 and the designating party shall set forth with specificity the justification for the confidentiality designation. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

5. **Errors in Designation.** A producing party that inadvertently fails to designate an item pursuant to this Stipulated Protective Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the producing party shall, to the extent reasonably feasible, return to the producing party or destroy all copies of such undesignated documents and shall honor the provisions of this Stipulated Protective Order with respect to the use and disclosure of any Confidential Information contained in the undesignated documents, from and after the date of designation.

6. **Improper Disclosure.** If information designated pursuant to this Stipulated Protective Order is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, without prejudice to other rights and remedies of the designating party, and shall make every effort to prevent further improper disclosure.

7. **Duration and Return of Material Containing Confidential Information at Conclusion of Litigation.** Following the conclusion or termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. At the conclusion of the litigation, all material treated as Confidential Information under this Stipulated Protective Order and in the possession of a party shall be returned to the originating party. If the parties so stipulate, the materials may be destroyed instead of being returned. Counsel for the parties may retain one copy for archival purposes.

/ / /

8. **Materials Ordered Produced or Subpoenaed in Another Litigation or by a Governmental Authority.**

   a) If a receiving party is served by a non-party with a subpoena or an order issued in other litigation or by a governmental authority that would compel disclosure of any information or items designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, no more than ten (10) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   b) The receiving party also must immediately inform in writing the non-party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the non-party in the other action that caused the subpoena or order to issue.

   c) The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its material containing confidential information – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court or governmental authority.

9. **Disclosure of Confidential Information by Non-Parties.** Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Stipulated Protective Order by (a) designating that information as Confidential Information in accordance with this Stipulated Protective Order; and (b) signing a copy of this Stipulated Protective Order, which shall be deemed their

1  written consent to be bound thereby.  Any non-party who invokes the protection of
2  this Stipulated Protective Order shall also be bound by its obligations.
3         NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED between
4  the Parties, and through their respective counsel of record, that
5       **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
6
7  DATED: SEPTEMBER 6, 2012          /S/ FREDERICK F. MUMM
                                     United States Magistrate Judge

# ACKNOWLEDGEMENT

*Star Micronics Co., Ltd. v. Hanwha Machinery America, Inc., et al.*

United States District Court for the Central District of California

Civil Action No. CV12-00870-MWF (FFMx)

I , _____, hereby acknowledge that I have read and understand the provisions of the attached Stipulation and Order for Protection of Confidential Information ("Protective Order") entered by the Court in the above-captioned matter with respect to the non-disclosure of Confidential Information and I agree to abide by and be bound by its terms. I will not reveal the Confidential Information to anyone, except as allowed by the Protective Order. I will maintain all Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than ninety (90) days after the conclusion of this action, I will return the Confidential Information to the counsel who provided me with the Confidential Information, or upon agreement of the parties, destroy all such Confidential Information. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

Executed on _____

By: _____